J-S22043-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| HENRY MILLER | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| MATTHEW L. KURZWEG, KATHIE P. MCBRIDE, AND JANICE MILLER | |
| Appellees | No. 1992 WDA 2014 |

Appeal from the Order Entered July 23, 2014
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): GD-04-000411

BEFORE: PANELLA, J., LAZARUS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY LAZARUS, J.: **FILED AUGUST 18, 2015**

Henry Miller appeals from the order entered in the Court of Common Pleas of Allegheny County on July 23, 2014, granting Appellees' motion for judgment of *non pros*. We affirm.

The underlying events of this case began in 1997, when Janice Miller retained Henry Miller as counsel to pursue a personal injury case.[1] In early 2002, Ms. Miller discharged Attorney Miller, alleging that he was not diligently prosecuting her case and that she could not reach him by

_____

[*] Retired Senior Judge assigned to the Superior Court. Judge Strassburger did not participate in the consideration or decision of this case.

[1] Henry Miller and Janice Miller are not related. We will refer to Henry Miller as "Attorney Miller," and to Janice Miller as "Ms. Miller."

telephone or at his office. Shortly thereafter, Ms. Miller retained Matthew J. Kurzweg as counsel to pursue her personal injury case.

Ms. Miller's case was ultimately settled in September 2003, at which time Attorney Miller wrote to Kurzweg seeking "an equitable division of the fee." In October 2003, Kurzweg's counsel requested that Attorney Miller provide a copy of his fee agreement with Ms. Miller. He failed to do so. In January 2004, Attorney Miller filed a praecipe for writ of summons against Ms. Miller, Kurzweg, and Kathie McBride, Attorney Miller's former secretary.[2] However, it was not until July 2012 that Attorney Miller finally filed a complaint against the defendants. Attorney Miller took no other action in the eight years from 2004 to 2012. McBride passed away in August 2008.

On January 25, 2013, defendants filed a petition for judgment of *non pros*, and on July 23, 2013, the trial court granted the petition and dismissed all but one of Attorney Miller's claims.[3] Attorney Miller moved for reconsideration of the judgment on August 16, 2013, which the trial court

---

[2] Attorney Miller alleged that McBride had conspired with Ms. Miller and Kurzweg to cause Ms. Miller to discharge Attorney Miller and retain Kurzweg.

[3] By Order dated April 22, 2014, this Court granted Kurzweg's petition for review after the trial court overruled Kurzweg's preliminary objections to Attorney Miller's amended complaint. Upon review, this Court reversed the order of the trial court overruling Kurzweg's objections, resulting in the dismissal of the sole remaining count in Attorney Miller's amended complaint. *Kurzweg v. Miller*, 113 A.3d 344 (Pa. Super. 2014) (unpublished memorandum).

denied on September 9, 2013. This timely appeal followed, in which Attorney Miller raises the following issues for our review:[4]

> 1. Whether the court below had a factual basis on record upon which to support its ruling on counts V and VI of the plaintiff's complaint[?]
>
> 2. Whether the court below properly applied the law of quantum meruit/unjust enrichment in its ruling on counts V and VI of the plaintiff's complaint[?]
>
> 3. Whether the court below erred in speculating as to the potential testimony of Kathie McBride and holding that Janice Miller suffered prejudice from the death of Kathie McBride[?]
>
> 4. Whether Janice Miller suffered actual, substantial prejudice due to the death of Kathie McBride[?]
>
> 5. Whether Henry Miller was responsive to Janice Miller and diligently prosecuted her case[?]

Appellant's Brief, at 2.

Prior to addressing Attorney Miller's substantive claims, we must first determine whether Attorney Miller has properly preserved his claims for appellate review.

Prior to the adoption of Rule of Civil Procedure 3051, a party seeking relief from a judgment of *non pros* could file either a petition to open or an appeal to this Court. *See Valley Peat & Humus v. Sunnylands, Inc.*, 581 A.2d 193 (Pa. Super. 1990) (en banc). In response to this Court's decision

---

[4] Attorney Miller's appellate claims relate solely to counts V and VI of his amended complaint. He has abandoned the remaining counts.

in **Valley Peat**, the Supreme Court in 1991 promulgated Rule 3051, which provides, in relevant part:

Rule 3051. Relief From Judgment of *Non Pros*

   (a) Relief from a judgment of *non pros* shall be sought by petition. All grounds for relief, whether to strike off the judgment or to open it, must be asserted in a single petition.

. . .

(c) If the relief sought includes the opening of the judgment of *non pros* for inactivity, the petition shall allege facts showing that

   (1) the petition is timely filed,

   (2) there is a meritorious cause of action, and

   (3) the record of the proceedings granting the judgment of *non pros* does not support a finding that the following requirements for entry of a judgment of *non pros* for inactivity have been satisfied:

   (i) there has been a lack of due diligence on the part of the plaintiff for failure to proceed with reasonable promptitude,

   (ii) the plaintiff has failed to show a compelling reason for the delay, and

   (iii) the delay has caused actual prejudice to the defendant.

Pa.R.C.P. 30551(a).

Rule 3051 was adopted to "eliminate[] the choice and establish[] a uniform procedure when relief is sought from a judgment of *non pros*." Pa.R.C.P. 3051, comment. "Requiring a petition to open or strike a judgment of *non pros* ensures that the trial court will have an opportunity to

review the matter in the first instance." ***Krell v. Silver***, 817 A.2d 1097, 1100 (Pa. Super. 2003). Our Supreme Court has held that the consequence of failing to abide by this rule is the waiver of all claims regarding the entry of judgment of *non pros* ordered by the lower court. ***Sahutsky v. H.H. Knoebel Sons***, 782 A.2d 996, 1000 (Pa. 2001).

Here, Attorney Miller brought his appeal without first filing a petition to open the judgment of *non pros* with the trial court. Although he filed a motion for reconsideration of the judgment of *non pros*, the motion did not contain the averments, with supporting facts, required under Rule 3051. Rather, Attorney Miller merely challenged the veracity of statements contained in Ms. Miller's affidavit and asserted that McBride's testimony would not have been relevant. Accordingly, because Attorney Miller failed to file a proper petition to open pursuant to Rule 3051, he did not preserve any issues for appeal and, therefore, his claims are waived.

Order affirmed.

PANELLA, J., joins the majority.

STRASSBURGER, J., did not participate in the consideration or decision of this case.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>8/18/2015</u>